SCHIFF HARDIN LLP
RENEE C. KELLEY (WSB # 47643)
rkelley@schiffhardin.com
STEPHEN M. COPENHAVER (WSB # 47631)
scopenhaver@schiffhardin.com
One Market, Spear Street Tower
Thirty-Second Floor
San Francisco, CA 94105
Telephone: (415) 901-8700
Facsimile: (415) 901-8701

Attorneys for Plaintiffs
OWENS-ILLINOIS, INC.

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| DONALD M. SKAGGS and CHARLOTTE M. SKAGGS, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>BORGWARNER MORSE TECH INC., et al.,<br><br>Defendant. | Case No. 2:14-cv-01506-JLR<br><br>**DEFENDANT OWENS-ILLINOIS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND [DOC. NO. 7]** |

Owens-Illinois, Inc. ("Owens-Illinois"), through its undersigned counsel of record, hereby files this opposition to Plaintiffs' Motion to Remand (Doc. No. 7). In further opposition to Plaintiffs' Motion, Owens-Illinois states as follows:

**This Case is Properly in Federal Court as to All Remaining Defendants**

1. This matter was removed to federal court pursuant to 28 U.S.C. § 1442(a)(1) on September 30, 2014 by Crane Co. (*See* Doc. No. 1).

2. On October 1, 2014, and before Owens-Illinois had filed its appearance in federal court, Plaintiffs moved to remand this action to state court on the grounds that Crane Co. no longer remained a defendant in this case. (*See* Doc.

1  No. 7).

2  3. The fact that Crane Co., as the original removing party, has been dismissed from this case, however, does not mandate remand to state court. Unlike removal petitions for removal based on diversity jurisdiction, removal pursuant to § 1442(a)(1) does not require the joinder of all defendants. *See e.g.*, *Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981) ("Thus, s 1442 represents an exception to the general rule (under ss 1441 and 1446) that all defendants must join in the removal petition."); *Howes v. Childers*, 426 F.Supp. 358, 359 (E.D. Ky. 1977) ("When a single federal officer timely removes a case to federal court under 28 U.S.C. s 1442(a)(1), the entire case is thereby removed, regardless of whether other defendants, federal officers or not, properly join in the petition for removal. Accordingly, the fact that the petition was untimely as to the other three federal officers is irrelevant." (internal citations omitted)); *State of Alabama v. Jones*, 189 F.Supp. 61, 64 (M.D. Ala. 1960) (The fact that only one of the respondents petitioned for removal to federal court, and other respondents did not join in such petition, did not preclude federal court from acting in action removed from state court, since under such circumstances the removal was effected as to all.)

4. Owens-Illinois intends to pursue a federal government contractor defense that entitles it to federal officer jurisdiction pursuant to § 1442(a)(1). Owens-Illinois accordingly opposes Plaintiffs' motion to remand, as Owens-Illinois has an independent basis for the Court's exercise of jurisdiction pursuant to § 1442(a)(1) notwithstanding Plaintiffs' dismissal of Crane Co. from this case.

5. Remanding this case to state court prior to the Court's consideration of the applicability of federal officer jurisdiction based on Owens-Illinois's government contractor defense would be premature. Because Plaintiffs did not provide Owens-Illinois proper notice of the Motion to Remand (discussed *infra.*), Owens-Illinois has not had an opportunity to adequately brief the issue for the

1  Court's consideration.  Accordingly, Owens-Illinois requests that the Court enter a
2  briefing schedule to enable the parties time to brief the issue of federal officer
3  jurisdiction as it relates to Owens-Illinois's claims and defenses.

### Owens-Illinois Did Not Receive Proper Notice of Plaintiffs' Motion

5  6.  The Certificate of Service attached to Plaintiffs' Motion to Remand
6  certified only that the named defendants had been served "Via ECF" on October 1,
7  2014, before Owens-Illinois had appeared in this case.[1]  (*See* Doc. No. 7-1).
8  Because Owens-Illinois had not yet filed its appearance in this federal action at the
9  time of Plaintiff's' filing, counsel for Owens-Illinois was not yet receiving service
10 of pleadings in this case via the Court's CM/ECF system.

11  7.  Plaintiffs' counsel knew that the undersigned counsel represented
12 Owens-Illinois in this matter, however, because the undersigned timely filed an
13 appearance in the state court action prior to removal to federal court.

14  8.  Plaintiffs did not serve additional copies of Plaintiffs' Motion to
15 Remand on Owens-Illinois via other means (e.g., U.S. Mail or e-mail).
16 Accordingly, Owens-Illinois did not receive notice of Plaintiffs' Motion to Remand
17 until October 9, 2014, when it was informed of the filing in person by Plaintiffs'
18 counsel.

19  WHEREFORE, Owens-Illinois, Inc. respectfully requests that this Court
20 deny Plaintiffs' Motion to Remand and enter a briefing schedule to enable the
21 parties to address whether this Court retains jurisdiction in light of Owens-Illinois's
22 intention to assert federal officer jurisdiction.

---

[1] Owens-Illinois timely filed its appearance on October 3, 2014 (*see* Doc. No. 16).

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
CHICAGO

- 3 -

1  Dated:    October 9, 2014              SCHIFF HARDIN LLP

2

3                                         By:      /s/ Stephen M. Copenhaver
                                                ─────────────────────────────
4                                              Stephen M. Copenhaver
                                               Attorneys for Defendant
5                                              OWENS-ILLINOIS, INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
CHICAGO

- 4 -

# **CERTIFICATE OF SERVICE**

    I hereby certify under penalty of perjury of the laws of the State of Washington that I served the attached DEFENDANT OWENS-ILLINOIS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND on all counsel of record via the Court's CM/ECF system.

Dated:   October 9, 2014                              SCHIFF HARDIN LLP


                                                      By:     /s/ Stephen M. Copenhaver
                                                      Stephen M. Copenhaver
                                                      Attorneys for Defendant
                                                      OWENS-ILLINOIS, INC.

21912-0058
SF\321217330.1

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
CHICAGO

- 5 -