HONORABLE JAMES L. ROBART

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| DONALD M. SKAGGS and CHARLOTTE M. SKAGGS, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>BORGWARNER MORSE TEC INC., et al.,<br><br>Defendant. | Case No. 2:14-cv-01506-JLR<br><br>**DEFENDANT OWENS-ILLINOIS, INC.'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF REMAND (DKT. #56) AND IN FURTHER OPPOSITION TO REMAND (DKT. #7)**<br><br>**NOTED FOR NOVEMBER 10, 2014**<br><br>**ORAL ARGUMENT REQUESTED** |

Pursuant to this Court's November 3, 2014 Minute Order (Dkt. #57), Owens-Illinois, Inc. ("OI") hereby respectfully submits the following supplemental briefing in response to Plaintiffs' Supplemental Memorandum in Support of Remand (Dkt. #56) and in further opposition to Plaintiffs' Motion to Remand (Dkt. #7):

**INTRODUCTION**

Plaintiffs concede that this matter was properly removed from state court and that OI was not required to have joined the initial removal petition to properly vest this Court with jurisdiction. Plaintiffs also concede that OI need only establish a "colorable" government contractor defense (Dkt. # 56 at 1), yet, significantly, Plaintiffs fail to contest that the evidence submitted by OI in its supplemental briefing is sufficient to meet the three *Boyle* prongs establishing a government contractor defense to Plaintiffs' design defect claims. *See generally* Dkt. #55 at 6, 8–10. Indeed, it is the differences between the evidence submitted here

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT OWENS-ILLINOIS'S RESP. TO PLTFS.' SUPP. MEM. IN SUPP. OF REMAND AND IN FURTHER OPP. TO REMAND 2:14-cv-01506-JLR

- 1 -

SCHIFF HARDIN LLP, ONE MARKET, SPEAR ST. TOWER, SAN FRANCISCO, CA 94105, 415-901-8700

1  (specifically the correspondence between OI and the Navy, OI's internal documents describing
2  the interaction with Navy officers in the 1940s and 1950s, and the affidavits of Drs. German and
3  Neushul) and the evidence submitted more than twenty-five years ago in a prior case that also
4  defeat the estoppel argument that Plaintiffs rely upon here.

5  It is Plaintiffs' apparent position that this Court's jurisdictional analysis turns solely on
6  whether Kaylo is properly considered "military equipment" for purposes of a *Boyle* government
7  contractor defense. *See* Dkt. #56 at 1. Yet, even on this point, Plaintiffs do not contest that the
8  evidence submitted by OI here is sufficient to establish a colorable argument that Kaylo qualifies
9  as "military equipment" for purposes of a *Boyle* analysis under the standards first adopted in the
10 9th Circuit in the *Hawaii* cases. Instead, rather than substantively address the evidence attached to
11 OI's briefing, Plaintiffs choose to rely upon an extraordinary, novel, and ultimately inapplicable
12 "collateral estoppel" argument in an attempt to avoid this Court's proper exercise of jurisdiction.

13 For several reasons, Plaintiffs' argument must fail. First, Plaintiffs' argument disregards
14 or misstates the standards applicable to this Court's analysis, the applicable presumptions in favor
15 of federal jurisdiction, and OI's fundamental right to have the merits of its defense decided in a
16 federal forum. Second, Plaintiffs' "collateral estoppel" argument – an argument that, to OI's
17 knowledge, has <u>never</u> been adopted or applied in this circumstance against OI by any court in the
18 nation – runs contrary to the overwhelming weight of authority holding that the application of
19 "collateral estoppel" in these circumstances is improper and fundamentally unfair. Third, and
20 finally, even if "collateral estoppel" could theoretically be applied to these circumstances,
21 Plaintiffs have not established the required elements of issue preclusion on these facts.

22 **ARGUMENT**

23 **I.  Plaintiffs Have Made Only a Facial Attack on OI's Jurisdictional Allegations**

24 As Plaintiffs recognize in their supplemental briefing, a party may challenge another
25 party's jurisdictional basis in one of two ways: a "facial" attack or a "factual" attack. *Leite v.*
26 *Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). A "facial" attack accepts the truth of a party's
27 jurisdictional allegations but asserts that they are "insufficient on their face to invoke federal
28 jurisdiction." *Id.* A "factual" attack attacks the truth of the party's factual allegations and typically

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT OWENS-ILLINOIS'S RESP. TO PLTFS.'
SUPP. MEM. IN SUPP. OF REMAND AND IN
FURTHER OPP. TO REMAND 2:14-cv-01506-JLR

- 2 -

SCHIFF HARDIN LLP, ONE MARKET, SPEAR ST.
TOWER, SAN FRANCISCO, CA 94105, 415-901-8700

"introduc[es] evidence outside the pleadings" to do so. *Id.* at 1121-22. Despite characterizing their challenge to OI's jurisdictional claims in this case as a "factual" attack, Plaintiffs have introduced no evidence outside the pleadings to contradict any of OI's factual allegations and have not even contested the facts giving rise to OI's request for a federal forum.

Accordingly, Plaintiffs' challenge to OI's jurisdictional claims is properly considered a "facial" attack as set forth in *Leite*. Plaintiffs' argument that this Court should "apply the same evidentiary standard that governs in the summary judgment context" (Dkt. #56 at 3) is therefore, quite simply, incorrect. Instead, where, as here, a facial attack is made on a party's jurisdictional allegations, a court must "accept[] [those] allegations as true and draw[] all reasonable inferences in [that party]'s favor."[1] *Leite*, 749 F. 3d at 1121.

## II. Application of Offensive Collateral Estoppel on These Facts Would Be Inappropriate and Fundamentally Unfair.

Although collateral estoppel may be applied offensively (as Plaintiffs here seek to do) or defensively, the Supreme Court has recognized that there are several reasons why offensive collateral estoppel and defensive collateral estoppel should be treated differently. *Parklane Hosiery Co. Inc. v. Shore*, 439 U.S. 322, 329-30 (1979). First, offensive use of collateral estoppel is likely to increase rather than decrease the amount of litigation and, therefore, does not promote judicial economy in the same way that defensive collateral estoppel does. *See Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 881 (9th Cir. 2007) (citations omitted). Second, and more importantly, offensive use of collateral estoppel may be fundamentally unfair to a defendant. *Id.* Accordingly, the Supreme Court has expressly stated that where "the application of offensive collateral estoppel would be unfair to a defendant, **a trial judge should not allow the use of offensive collateral estoppel."** *Parklane*, 439 U.S. at 331 (emphasis added). The Ninth Circuit

---

[1] Even if properly considered a "factual attack" on OI's jurisdictional allegations – notwithstanding Plaintiffs' failure to contest the facts OI set forth in support of its government contractor defense – OI would still prevail, as OI need show only a "colorable" or "plausible" entitlement to the defense at this stage. As noted above, Plaintiffs have not refuted that the evidence presented by OI in opposition to Plaintiffs' motion is sufficient to warrant the application of a *Boyle* government contractor defense to Plaintiffs' design defect claims. Plaintiffs' argument that this Court may "resolve [] factual disputes itself" at this stage is also incorrect, as "a court **must leave the resolution of material factual disputes to the trier of fact** when the issue of subject-matter jurisdiction is intertwined with an element of the merits of the [defense giving rise to jurisdiction]." *Leite*, 749 F.3d at 1122 n.3 (emphasis added).

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT OWENS-ILLINOIS'S RESP. TO PLTFS.'
SUPP. MEM. IN SUPP. OF REMAND AND IN
FURTHER OPP. TO REMAND 2:14-cv-01506-JLR

- 3 -

SCHIFF HARDIN LLP, ONE MARKET, SPEAR ST.
TOWER, SAN FRANCISCO, CA 94105, 415-901-8700

and this court are in accord. *See Collins*, 505 F.3d at 882 (same); *see also Eureka Fed. Sav. & Loan Ass'n v. Am. Cas. Co.*, 873 F.2d 229, 234 (9th Cir. 1989) ("[I]t is inappropriate to apply collateral estoppel when its effect would be unfair."); *U.S. v. Washington State Dept. of Transp.*, 2010 WL 2698854, *6 (W.D. Wash. July 7, 2010) (same).[2]

### A. Application of Collateral Estoppel Should not be Allowed Where Different Legal Standards are at Issue.

The issues raised by OI's government contractor defense should be decided on their merits, not based on a novel extension of the collateral estoppel doctrine. In addition to the policy reasons against application of collateral estoppel in light of inconsistent rulings (discussed *infra*), and the differences in factual records between this case and the *Hawaii* cases, the legal standard is different. Here, OI need only show a colorable defense – a standard that is to be liberally applied in favor of a federal forum.  Invoking the higher standard used in *Hawaii* puts too high a burden on OI here. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252-53 (9th Cir. 2006) (reminding District Courts not to incorporate higher standard from cases involving removal under §1441 when deciding motions under §1442); Oct. 16, 2014 Order, Dkt. #52 at 3 ("Courts are to construe removal rights under the federal officer removal statute broadly."); *see also Peterson v. Clark Leasing Corp.*, 451 F.2d 1291, 1292 (9th Cir. 1971) ("Issues are not identical [for purposes of collateral estoppel] if the second action involves application of a different legal standard, even though the factual setting of both suits be the same."); *Friends of the Earth v. Hall*, 693 F. Supp. 904, 920 (W.D. Wash. 1988) (same).

### B. Application of Offensive Collateral Estoppel on these Facts would be Inappropriate.

Over the past several decades, OI has been named as a defendant in hundreds of thousands of lawsuits alleging injury as a result of exposure to asbestos. Despite the frequency with which it has been named as a defendant in this litigation, OI is not aware of *a single instance* in which a

---

[2] Courts have even "recognized that collateral estoppel is more likely to be unfair when the estopped party is a defendant." *Smith v. Kelly*, 2013 WL 5770344, at *10 (W.D. Wash. May 2, 2013). Accordingly, due to the potential unfairness inherent in the application of offensive collateral estoppel to a defendant, it is "not to be applied with a 'hypertechnical' approach, but rather, with realism and rationality." *Chism v. Washington ex. rel Washington State Patrol*, 2013 WL 2467723, *4 (E.D. Wash. June 7, 2013).

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT OWENS-ILLINOIS'S RESP.  TO PLTFS.' SUPP. MEM. IN SUPP. OF REMAND AND IN FURTHER OPP. TO REMAND 2:14-cv-01506-JLR

- 4 -

SCHIFF HARDIN LLP, ONE MARKET, SPEAR ST. TOWER, SAN FRANCISCO, CA 94105, 415-901-8700

court has applied collateral estoppel to preclude OI from asserting a government contractor defense on the basis of the *Hawaii* cases. Significantly, Plaintiffs have not pointed to any prior case in which that occurred. To adopt that argument here, for the first time, would have drastic and lasting negative consequences that would run contrary to the policies underlying the government contractor defense as expressed in *Boyle* and the purposes for which the application of collateral estoppel is intended.

It is specifically to avoid such consequences that the Supreme Court has implied, and other courts have explicitly held, that offensive collateral estoppel is inappropriate for use in mass tort cases such as this one. *See Parklane*, 439 U.S. at 330 n.14; *Strietmatter v. Procter & Gamble Co.*, 657 F. Supp. 548 (D.N.M. 1983) (declining to apply offensive collateral estoppel to mass tort defendant because to do so would be unfair); *Hoppe v. GD Searle & Co.*, 779 F. Supp. 1425, 1426-27 (S.D.N.Y. 1991) (holding that it would be "inequitable" to apply collateral estoppel in mass tort case where defendant had prevailed in other cases), *citing Setter v. A.H. Robins Co.*, 748 F.2d 1328, 1330 (8th Cir. 1984) (upholding trial court's refusal to apply offensive collateral estoppel because defendant IUD manufacturer had previously prevailed in other cases); *Harrison v. Celotex*, 583 F. Supp. 1497, 1503 (E.D. Tenn. 1984) (declining to apply collateral estoppel where there were inconsistent rulings). In fact, relying upon the Supreme Court's opinion in *Parklane*, the Sixth Circuit has held explicitly that "**offensive collateral estoppel could not be used in mass tort litigation**." *In re Bendectin Prod. Liab. Litig.*, 749 F. 2d 300, 305 n.11 (6th Cir. 1984) (emphasis added); *accord Lynch v. Merrell-Nat'l Labs.*, 830 F.2d 1190, 1192 (1st Cir. 1987) (describing the rule that "later plaintiffs could not invoke to their benefit a favorable result in mass tort litigation" as the "teaching of *Parklane*.")

The limitation on the use of offensive collateral estoppel in mass-tort cases prevents mass tort plaintiffs, like Plaintiffs here, from picking-and-choosing the best result from dozens, hundreds or potentially thousands of cases, and binding a single defendant to that result while disregarding that defendant's prior successes. It is for good reason that the use of collateral estoppel in these circumstances has been curtailed, and it is for those same reasons that Plaintiffs' motion should be denied.

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT OWENS-ILLINOIS'S RESP. TO PLTFS.'
SUPP. MEM. IN SUPP. OF REMAND AND IN
FURTHER OPP. TO REMAND 2:14-cv-01506-JLR

- 5 -

SCHIFF HARDIN LLP, ONE MARKET, SPEAR ST.
TOWER, SAN FRANCISCO, CA 94105, 415-901-8700

### C. Application of Offensive Collateral Estoppel Is Unfair Under Controlling Supreme Court Precedent.

There are two circumstances, relevant here, in which the Supreme Court has expressly held that the application of offensive collateral estoppel to a defendant would be manifestly unfair and, therefore, improper. First, offensive collateral estoppel may not be used where there have been one or more judgments in favor of a defendant on the issue that a plaintiff seeks to estop the defendant from litigating. *Id.* at 330. Second, where a current case presents different opportunities to litigate the matter than were presented by the prior instance, the use of offensive collateral estoppel is not allowed. *Parklane*, 439 U.S. at 331. Both of those instances are applicable here and both warrant the rejection of Plaintiffs' arguments.

#### 1. Prior Judgments Are Inconsistent with *Hawaii.*

The Supreme Court has held that the offensive use of collateral estoppel would be unfair and improper where, as here, there have been inconsistent judgments regarding the issue on which the party seeks collateral estoppel – in this case, the applicability of the government contractor defense to OI. *Parklane*, 439 U.S. at 330-31. The rationale behind that limitation is clear: a defendant who has successfully litigated the same issue multiple times should not, as soon as a single plaintiff prevails on that issue once, thereafter be bound by that adverse result for all time. *See id.*, 331 n.14.  Such a result would be unfair and is therefore prohibited. *Id.* at 330-31.

Yet that is what Plaintiffs are seeking to do against OI in this case. OI has previously prevailed on the government contractor issue against other plaintiffs. As noted in OI's supplemental briefing, summary judgments have been previously affirmed in OI's favor on its government contractor defense involving plaintiffs' alleged exposure to OI Kaylo. *See* Dkt. #55 at 8. For example, in 1992, the Second Circuit affirmed that OI was entitled to summary judgment under the government contractor defense on the plaintiff's design defect claim alleging exposure to Kaylo insulation used on Navy vessels. *See, e.g.*, *In re Brooklyn Navy Yard Asbestos Litig.*, 971 F.2d 831, 839 (2d Cir. 1992).[3] Additionally, various Washington courts have recently denied

---

[3] As in *Brooklyn*, the Plaintiffs here allege both design defect and failure to warn claims against OI.  A *Boyle* government contractor defense is applicable to both types of claims, yet Plaintiffs' response ignores entirely *Boyle*'s

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT OWENS-ILLINOIS'S RESP.  TO PLTFS.'
SUPP. MEM. IN SUPP. OF REMAND AND IN
FURTHER OPP. TO REMAND 2:14-cv-01506-JLR

- 6 -

SCHIFF HARDIN LLP, ONE MARKET, SPEAR ST. TOWER, SAN FRANCISCO, CA 94105, 415-901-8700

other plaintiffs' motions for summary judgment against OI on its government contractor defense. *See* Dkt. #55 at 7, n.1.  Plaintiffs are asking this Court to ignore those prior results and to instead bind OI to an adverse decision that was decided on a different factual record under a different legal standard. As the Supreme Court and Ninth Circuit have recognized, to allow a plaintiff to bind a defendant to an adverse result while at the same time ignoring other inconsistent judgments would be to run afoul of the fairness principles that guide the application of offensive collateral estoppel. *Parklane*, 439 U.S. at 330; *Wash. State Dept. of Transp.*, 2010 WL 2698854 at *6.

### 2. Different Opportunities Are Now Present for OI to Litigate the Government Contractor Issue Than in the *Hawaii* Cases.

According to Plaintiffs, the relevant issue here is whether OI previously had an opportunity to litigate the issue of whether OI Kaylo was properly considered "military equipment" for purposes of the government contractor defense as set forth in the Supreme Court's *Boyle* opinion.  Yet Plaintiffs' argument ignores the simple fact that, prior to the District Court's *Hawaii* opinion, no court in the Ninth Circuit had limited *Boyle's* application solely to "military equipment," nor had the Ninth Circuit adopted a test for determining whether a product could properly be considered "military equipment" for purposes of a *Boyle* analysis.

The Supreme Court's *Boyle* opinion was published less than <u>four months</u> prior to the District Court's *Hawaii* opinion striking OI's government contractor defense. *Compare Boyle v. United Tech. Corp.*, 487 U.S. 500 (1988) (decided June 27, 1988) *with In re Hawaii Fed. Asbestos Cases*, 715 F. Supp. 298 (D. Hawaii 1988) (decided Oct. 24, 1988). And, although current litigants are now on notice that the Ninth Circuit limits the application of the *Boyle* government contractor defense to "military equipment" post-*Hawaii*, that was not true before the *Hawaii* cases. Indeed, it is generally recognized that the *Hawaii* opinion was the first to explicitly limit *Boyle's* application to "military equipment" in the Ninth Circuit. *See, e.g.*, *Griffin v. JTSI, Inc.*, 654 F. Supp. 2d 1122, 1137 n.30 (D. Hawaii 2008); *Gaona v. US Investigations Svc. Prof. Svc. Div., Inc.*, 2013 WL 1748361 (D. Ariz. Apr. 23, 2013).

---

applicability to their design defect claims.  To be entitled to a federal forum, however, OI need only make a colorable claim to *either*, not both, of Plaintiffs' theories. Plaintiffs' failure to address, let alone rebut, OI's entitlement to a *Boyle* defense based on Plaintiffs' design defect theory alone warrants the denial of their motion.

DEFENDANT OWENS-ILLINOIS'S RESP.  TO PLTFS.' SUPP. MEM. IN SUPP. OF REMAND AND IN FURTHER OPP. TO REMAND 2:14-cv-01506-JLR

- 7 -

SCHIFF HARDIN LLP, ONE MARKET, SPEAR ST. TOWER, SAN FRANCISCO, CA 94105, 415-901-8700

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    The *Hawaii* courts' explicit limitation on *Boyle* to "military equipment" was not a foregone conclusion. The Supreme Court's *Boyle* opinion speaks of "military equipment" because the product at issue in that case happened to be a military helicopter, yet even the dissent in *Boyle* recognized that the defense had much broader application. *Boyle*, 487 U.S. at 516 ("[T]he Court's newly discovered Government contractor defense is breathtakingly sweeping. **It applies not only to military equipment** . . . .") (emphasis added).  Indeed, the "majority" rule nationwide is that *Boyle* applies in circumstances involving matters other than just military equipment. *See, e.g.*, *Richland-Lexington Airport Dist. v. Atlas Prop., Inc.*, 854 F. Supp. 400, 421-22 (D.S.C. 1994) (following the "majority rule" in applying *Boyle* to nonmilitary contract for cleanup of hazardous waste); *Hudgens v. Bell Helicopters/Textron*, 328 F.3d 1329, 1334 (11th Cir. 2003) ("We thus hold that the government contractor defense recognized in *Boyle* is applicable to the service contract between the Army and DynCorp."); *Carley v. Wheeled Coach*, 991 F.2d 1117, 1119 (3d Cir. 1993) (applying *Boyle* government contractor defense to ambulance built for non-military purpose); *Andrew v. Cunisys Corp.*, 936 F. Supp. 821, 829 (W.D. Ok. 1996) (applying government contractor defense to non-military letter sorting machines used by Postal Service).[4]

Not only was the District Court's *Hawaii* opinion the first in this Circuit to limit *Boyle's* application to "military equipment," but the Ninth Circuit's *Hawaii* opinion was also the first to set forth the applicable test to determine whether a product qualifies as "military equipment" for purposes of the *Boyle* government contractor defense.

For two independent reasons, then, OI did not have a similar opportunity in the *Hawaii* cases as it does now to marshal all necessary evidence for a *Boyle* analysis. First, no court in this Circuit had previously interpreted *Boyle* to apply only to "military equipment." Second, and perhaps more importantly, the Ninth Circuit had not previously defined the quantum of evidence necessary for a product to qualify as "military equipment" in a *Boyle* analysis. Put simply, OI was without the benefit of the *Hawaii* opinions when it litigated those cases. Now, with the benefit of

---

[4] *See also Carley*, 991 F.2d at 1119, n.1 (collecting cases where government contractor defense has been held applicable to all manufacturers, regardless of military nature of equipment); *Andrew*, 936 F. Supp. at 829, n.4 (collecting cases).

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT OWENS-ILLINOIS'S RESP. TO PLTFS.' SUPP. MEM. IN SUPP. OF REMAND AND IN FURTHER OPP. TO REMAND 2:14-cv-01506-JLR

- 8 -

SCHIFF HARDIN LLP, ONE MARKET, SPEAR ST. TOWER, SAN FRANCISCO, CA 94105, 415-901-8700

those opinions and with knowledge of what the Ninth Circuit requires to support a *Boyle* defense, Plaintiffs want to deny OI the opportunity to present facts in support of the defense as it is now defined. OI has now marshalled the evidence needed to present a *Boyle* government contractor defense, including evidence not considered in the *Hawaii* litigation. *See generally* Dkt. #55.

What Plaintiffs are attempting to do is unfair. That by itself precludes collateral estoppel. It is precisely for those reasons that the Supreme Court and the Ninth Circuit have held that the application of offensive collateral estoppel in these circumstances is not permitted. *See Parklane*, 439 U.S. at 331; *Collins*, 505 F.3d at 882.

### III. Plaintiffs Have Not Carried Their Burden of Establishing The Elements of Offensive Collateral Estoppel.

Even assuming, *arguendo*, that the application of collateral estoppel against OI in these circumstances could be appropriate and fair under some set of circumstances not present here, Plaintiffs would still be required to establish each of the following elements for the applicability of offensive collateral estoppel: (1) that the issues in the prior action and those in the present action are "identical," (2) that there was a "full and fair opportunity to litigate" that identical issue in the prior action; and (3) that the "issue was actually litigated" in the prior action. *Collins*, 505 F.3d at 882 n.8. Plaintiffs have failed to do so.

First, Plaintiffs cannot establish that the jurisdictional issues to be decided by this Court are "identical" to the issues decided in the *Hawaii* cases. Not only is the factual record here different from the record present before the *Hawaii* court, but the legal standards applicable to this Court's analysis are different as well. This Court is being asked to determine whether the facts alleged by OI, if true, amount to a "colorable" government contractor defense under *Boyle*. *Willingham v. Morgan*, 395 U.S. 402, 406-407 (1969). That is a unique legal standard applicable only in this context and therefore a different standard than that applied in the *Hawaii* litigation. Where, as here, different legal standards are applicable to a court's consideration of an issue, that issue cannot be considered "identical" for purposes of a collateral estoppel analysis, and collateral estoppel may therefore not be applied. *Peterson*, 451 F.2d at 1292.

Second, even if the issues were identical, Plaintiffs cannot prove that OI had a "full and

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT OWENS-ILLINOIS'S RESP. TO PLTFS.' SUPP. MEM. IN SUPP. OF REMAND AND IN FURTHER OPP. TO REMAND 2:14-cv-01506-JLR

- 9 -

SCHIFF HARDIN LLP, ONE MARKET, SPEAR ST. TOWER, SAN FRANCISCO, CA 94105, 415-901-8700

fair opportunity" to litigate those issues in the prior action. As noted, the issue to be considered is whether OI previously had an opportunity to demonstrate a colorable claim to a *Boyle* government contractor defense for its Kaylo product. Yet *Boyle* was published less than four months prior to the District Court granting the *Hawaii* plaintiffs' motion to strike. Plaintiffs cannot seriously contend that OI had a "full and fair opportunity" to litigate that issue – and to marshal all its necessary evidence – in that timeframe, nor have Plaintiffs supported their argument regarding OI's alleged "full and fair opportunity" with any citations to the record. Nor can Plaintiffs explain how the *Hawaii* cases granted OI a full and fair opportunity to litigate *Boyle's* applicability to its Kaylo product where OI was without the benefit of the Ninth Circuit's interpretation of *Boyle* and the subsequent requirements vis-à-vis military equipment.

Third, Plaintiffs cannot establish that the issues were "actually litigated" for many of the same reasons. The relevant issue here, according to Plaintiff, is whether OI Kaylo met the *Boyle* standards for the government contractor defense <u>as those standards have been interpreted and applied by the Ninth Circuit</u>. Yet, prior to OI's government contractor defense being struck in the *Hawaii* cases, no court in the Ninth Circuit had previously interpreted or applied the *Boyle* government contractor analysis. Plaintiffs cannot show, then, that the issues raised by the Ninth Circuit's *Hawaii* opinion (e.g., whether Kaylo is military equipment; what evidence is required to prove a product is military equipment) were actually litigated – because those issues, as they relate to the Supreme Court's *Boyle* analysis, did not exist prior to the *Hawaii* cases.

WHEREFORE, for the reasons stated herein, and the reasons set forth in its prior briefing on this issue (*see* Dkt. #55 and #42), Owens-Illinois, Inc. respectfully requests that this Court deny Plaintiffs' Motion to Remand.

Dated:   November 10, 2014           SCHIFF HARDIN LLP

By: /s/ Stephen M. Copenhaver
  Stephen M. Copenhaver
  scopenhaver@schiffhardin.com
  Attorneys for Defendant
  OWENS-ILLINOIS, INC.

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT OWENS-ILLINOIS'S RESP. TO PLTFS.' SUPP. MEM. IN SUPP. OF REMAND AND IN FURTHER OPP. TO REMAND 2:14-cv-01506-JLR

- 10 -

SCHIFF HARDIN LLP, ONE MARKET, SPEAR ST. TOWER, SAN FRANCISCO, CA 94105, 415-901-8700

# **CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury of the laws of the State of Washington that I served the attached DEFENDANT OWENS-ILLINOIS, INC.'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF REMAND AND IN FURTHER OPPOSITION TO REMAND on all counsel of record via the Court's ECF system.

Dated:   November 10, 2014                         SCHIFF HARDIN LLP


                                                   By: /s/ Stephen M. Copenhaver
                                                       Stephen M. Copenhaver
                                                       Attorneys for Defendant
                                                       OWENS-ILLINOIS, INC.

21912-0058
SF\321247302.3

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT OWENS-ILLINOIS'S RESP. TO PLTFS.' SUPP. MEM. IN SUPP. OF REMAND AND IN FURTHER OPP. TO REMAND 2:14-cv-01506-JLR

- 11 -

SCHIFF HARDIN LLP, ONE MARKET, SPEAR ST. TOWER, SAN FRANCISCO, CA 94105, 415-901-8700